IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN P. LEAKE O/B/O D.P.M., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 14-03537-CV-S-SRB-SSA |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Plaintiff's brief seeking judicial review of a final decision of Defendant the Commissioner of Social Security (Doc. #13) and the Commissioner's brief in support of the administrative decision (Doc. #18). For the reasons stated herein, the Commissioner's final decision is AFFIRMED.

**I.     BACKGROUND**

Plaintiff D.P.M., a minor child, asserts this action, by and though his adoptive father, John Patrick Leake ("Plaintiff"), pursuant to 42 U.S.C. § 405(g) of the Social Security Act. This action involves an application for child's insurance benefits under Title II of the Social Security Act, in which Plaintiff requests review of the Commissioner's decision regarding the onset date of benefits. The Court adopts all facts as set forth in the Social Security Administration Office of Disability Adjudication and Review's Decision.

**II.    LEGAL AUTHORITY**

The Social Security Act, 42 U.S.C. § 405(g), provides for judicial review of a "final decision" of the Commissioner of the Social Security Administration under Title II. Judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g) is limited to whether there

1

exists substantial evidence in the record as a whole to support the decision of the Commissioner. Siemers v. Shalala, 47 F.3d 299, 301 (8th Cir. 1995). This determination requires review of the entire record, including both evidence in support of, and in opposition to, the Commissioner's decision. Fountain v. R.R. Ret. Bd., 88 F.3d 528, 530 (8th Cir. 1996). The Court's role, however, is not to re-weigh the evidence or try the issues de novo. Craig v. Chater, 943 F. Supp. 1184, 1188 (W.D. Mo. 1996) (citing McClees v. Shalala, 2 F.3d 301, 302 (8th Cir. 1994)). "[The Eighth Circuit] will uphold the Commissioner's decision if it is supported by substantial evidence on the record as a whole." Finch v. Astrue, 547 F.3d 933, 935 (8th Cir. 2008).

Substantial evidence means "more than a mere scintilla" of evidence. Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010). "Substantial evidence is less than a preponderance but . . . enough that a reasonable mind would find it adequate to support the conclusion." Milam v. Colvin, 794 F.3d 978, 983 (8th Cir. 2015) (internal quotations omitted). The substantial evidence standard, however, presupposes a zone of choice within which the decision makers can go either way, without interference by the courts. Clarke v. Bowen, 843 F.2d 271, 272-73 (8th Cir. 1988). "[A]n administration decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Id. Hence, "if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's finding, we must affirm the decision." Roe v. Chater, 92 F.3d 672, 672 (8th Cir. 1996) (quoting Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992)).

### III. DISCUSSION

The ALJ affirmed the Commissioner's decision that Plaintiff's child insurance benefits were to commence on the date that the child was "legally adopted" in accordance with Missouri law. The ALJ found that the child was legally adopted on March 2012, following a mandatory

six-month waiting period required by Missouri law, and D.P.M. is entitled to benefits beginning on that date. However, Plaintiff contends D.P.M. is entitled to benefits beginning at the time Plaintiff and his wife took the child into their home eight months earlier. The ALJ found that D.P.M. was not Plaintiff's "child" from July 2011 through February 2012, as defined by 42 U.S.C. § 202(d). Though, Plaintiff claims that an "equitable adoption" of the child occurred in July of 2011, which established a "legal adoption" under Missouri law and satisfied the definition of the term "child."

Under Missouri law, "[t]he doctrine of equitable adoption is a judicial remedy based upon a promise or agreement to adopt which is never fulfilled." Smalley v. Parks, 108 S.W.3d 138, 141 (Mo. App. S.D. 2003). "One who seeks an equitable adoption must seek to establish the existence of that adoption by clear, cogent and convincing evidence which leaves no room for reasonable doubt." Birdwell v. Phillips, 805 S.W.2d 220, 221 (Mo. App. W.D. 1991). "[P]recedent is of little value in determining the sufficiency of the evidence to support a decree of equitable adoption." Id. (citing Mize v. Sims, 516 S.W.2d 561, 566 (Mo. App. 1974)). "Each case must be determined on its own peculiar set of facts." Birdwell, 805 S.W.2d at 221. "An equitable adoption can be declared only where justice, equity and good faith require it." Smalley, 108 S.W.3d at 141.

In support of Plaintiff's argument, Plaintiff relies heavily on the facts and conclusions in two federal cases, Watermon v. Sec'y of Health, Educ. and Welfare, 342 F. Supp. 968 (E.D. Mo. 1972) and Stanley v. Sec'y of Health, Educ. and Welfare, 356 F. Supp. 793 (W.D. Mo. 1973). Plaintiff asserts that Watermon and Stanley are factually similar cases that warrant a finding of equitable adoption in the instant case. In Watermon, the four year old child was originally placed with the adoptive parents as a foster child. 342 F. Supp. at 970. As a result of protests by the

biological mother, the legal adoption was delayed. Id. The legal adoption did not occur until seven years after the child was placed in the home of the adoptive parents. Id. at 971. This delay caused the 24 month benefit entitlement window to close and would have resulted in a detriment to the child had the Court not applied the doctrine of equitable adoption. Id.

Similarly, in Stanley, the one year old child was brought to the grandparents in June 1963, and the child remained in their home from that point forward. 356 F. Supp. at 801. The grandparents secured a legal adoption more than five years later. Id. at 797. As in Watermon, the delay of the formal adoption caused the 24 month benefit entitlement period to expire. The Court found that the child was equitably adopted on September 1963. Id. at 801. If the doctrine of equitable adoption not been applied, the delay would have caused a significant detriment to the child and resulted in a denial of all benefits.

However, unlike the children in Watermon and Stanley who would have received no benefits had an equitable adoption not been found, D.P.M. has received all payments since the legal adoption in March 2012. Plaintiff is disputing the eight month period between the time D.P.M. entered the home in July of 2011 and the date of the legal adoption which occurred after it was legally appropriate under Missouri law in March of 2012. In this case, the inequities and potential injustice do not rise to the same level as those in Watermon and Stanley. In an equitable action, the Court must decide, based on the facts, whether "justice, equity and good faith require it." Smalley, 108 S.W.3d at 141. The parties in Watermon and Stanley provided much stronger facts to support a claim that justice and equity supported a finding of equitable adoption. Here, the Court finds a lack of substantial evidence, which in justice, equity and good faith, would require this Court to reverse the Commissioner's findings.

4

Based on the parties' briefs, the record and oral arguments presented to the Court on November 12, 2015, the Court concludes that there is substantial evidence on the record as a whole to support the ALJ's determination as adopted by the Appeals Council. Because the Commissioner's decision is supported by substantial evidence on the record, this Court will uphold the final decision.

## IV. CONCLUSION

Accordingly, it is hereby

**ORDERED** that the Commissioner's final decision is AFFIRMED.

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: December 7, 2015